Mr. Justice Thacher
delivered the opinion of the court.
Before the act of 1846, making the separate property of a married woman liable in certain cases, this suit in chancery was instituted to make the separate estate of a wife chargeable for a debt contracted by her while a minor and sole; and under these circumstances, an action at law was instituted against the husband and wife upon a bill of necessaries supplied the wife while a minor and sole, to which action the husband pleaded ultimately his bankruptcy, and recovered a verdict. It appears by the bill in equity, that the necessaries were supplied more than six years previously to the institution to the suit in chancery. A general demurrer to this bill was disallowed by the vice-chancellor, and hence this appeal.
The ground upon which it has been settled as a general rule, that the debts of a wife dum sola, are discharged by the bankruptcy of the husband, as well as his own, is based upon the principle, that all her estate being in his power, and every thing in his power being assignable, the estate which the wife brought the husband falls into the hands of the commissioners in bankruptcy, for the benefit of all creditors both of husband and wife. 1 P. Wms. 259. But this is the case of a wife holding a separate estate, which cannot come into the possession of the husband, or be assigned in bankruptcy for his debts. Hence it would seem that the ground upon which the principle stands is taken away.
The separate property of a wife cannot ordinarily be subjected *603 for her debts contracted during coverture. Certainly not for her general debts, and .only when a distinct intention to bind such property exists. It is a strict general rule which throws upon the husband, during coverture, all the obligations of the wife, which even courts of equity will not vary, whether the husband has or has not received a portion with the wife. 2 Kent, 144. But this rule arises also from a similar principle to that by which it has been settled, that the bankruptcy of the husband discharges also the wifels debts. It is that in marriage, although a husband runs the hazard of becoming liable for his wife in an amount greater than the value of the estate he receives by her, he also has the chance of receiving by her an amount far exceeding her debts. But where the whole estate of a wife, notwithstanding coverture, continues separate to her, there is no such recompense to the husband for his obligation for his wife’s debts, but on the contrary, there may be a certainty of his becoming indebted on behalf of his wife, with no possibility of his receiving an amount even equal to her debts. Thus such rules have originated from the common law principle, which bestows upon the husband the personal estate of the wife, and they may well be shaken under a system of legislation, repealing those rules, and excluding the husband from the title and control of such property of the wife. Hence, the intimations which have been thrown out by this court in James v. Fisk et al., 9 S. & M. 144, and Doty et al. v. Mitchell, Ib. 435.
But the circumstances of this case are much stronger than the case of debt contracted by a married woman, when her intention to bind her separate estate is doubtful, or the case of an attempt to subject her separate estate for the payment of a general obligation contracted by her while sole. The claim sought to be enforced, is remuneration for the maintenance, education, &c., of the wife when sole -and a minor, and at a time when such expenses were a proper charge .upon the property now sought to be thereto subjected. There can be no doubt that this property was liable at the time for necessaries supplied to the minor, and, indeed, it might have been proceeded against directly, instead of being subjected through the guardian or other person. Steele et *604 al. v. McDowell et al., 9 S. & M. 193. This right has not been divested, and the present suit may be deemed as a proceeding to enforce a right which accrued against the particular property. The action at law does not constitute a bar to the prosecution of the proceeding in equity. The plea of bankruptcy is but a plea in abatement, and the real merits of the controversy have not been adjudicated upon.
The act of limitations does not fairly arise in this proceeding. It is not relied upon expressly in the demurrer. This is a matter that may most properly be set up hereafter in the answer, when also matters may be replied, which may tend to take the indebtedness out of the statute. It is also questionable, whether the statute commenced running until the judgment at law, or whether it applies in such a state of case, when the fact that the claim is barred does not distinctly appear from the bill.
So far, then, as the charges for maintenance and education, &c., are concerned, a court of equity may subject the property, but the same principle does not hold in reference to the costs and expenses of the suit at law.
We think that the demurrer was properly disallowed, and affirm that decree, and remand the cause for further proceedings.